IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY L. EUBANKS                                                                                   PLAINTIFF

V.                                              NO.  12-6139

FOREMOST INSURANCE CO.                                                              DEFENDANT

## REPORT and RECOMMENDATION

Before the court is the Plaintiff's Motion for Summary Judgment (ECF No. 27) filed February 10, 2014 and Plaintiff's Motion to Strike Expert Designation (ECF No. 36) filed March 7, 2014.  The motions were referred to the undersigned on April 8, 2014.  Responses have been filed and the motions are now ready for Report and Recommendation.

### I.  Background

This lawsuit arises out of a motorcycle accident that occurred on Sunday, September 19, 2010.  Mr. Eubanks was a passenger on his son, Bobby Ray Eubanks' motorcycle. They were traveling on Highway 66 West in Searcy County, Arkansas, when Bobby Ray Eubanks lost control of the motorcycle and drove it off the road. Plaintiff alleges that Bobby Ray Eubanks negligently and carelessly lost control of the cycle and subsequently caused severe and permanent injuries to himself. Mr. Eubanks' primary injuries from the accident were a broken left ankle and a build up of blood and fluid below his left knee. Both were successfully treated with surgery.

Mr. Eubanks is a Plaintiff's attorney and claims he was out of the office from September 19, 2010 to January 20, 2013 and as a result lost an undisclosed amount of income.  The Plaintiff filed an Initial Expert Disclosure of Experts (ECF No. 34-1) on February 28, 2014 and list William Gary Holt, Ben Engel, and Bud Whetstone as experts testifying "as to damages" (Id.)

and the Plaintiff filed a Motion to Strike Expert Designation (ECF No. 36) on March 7, 2014.

## II. Discussion

### A. Expert Testimony

On February 28, 2014 the Plaintiff disclosed William Gary Holt, Ben Engel, and Bud Whetstone as Expert Witnesses who would testify as to damages and loss of income. (ECF No. 34-1). William Gary Holt and Bud Whetstone are personal injury lawyers (ECF No. 42) and Ben Engle is the Plaintiff's accountant (Id.). On March 7, 2014 the Defendant objected to the proposed experts claiming the Plaintiff has failed to comply with Rule 26(a)(1)(B)[1] because no written report was provided. (ECF No. 35).

Rule 26 (a)(2)(B) provides inter alia that "[U]nless otherwise stipulated or ordered by the court, this disclosure **must** be accompanied by a written report--prepared and signed by the witness--if the witness is **retained or specially employed** to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

The Plaintiff contends that the requirement of a written report from the tendered experts is not required because the individuals are not retained or employees whose duties regularly involve giving expert testimony. (ECF No. 42, p. 3). The Plaintiff states that Mr. Holt and Mr. Whetstone are not charging any fee for their services and that, while Mr. Engle is his accountant, his duties do not regularly involve giving expert testimony and, in fact, has never testified about his services as an accountant for the Plaintiff. (Id.)

At this point the court is not asked to make any determination as to the admissibility of

---

[1] Rule 26(a)(1)(B) relates to "Proceedings Exempt from Initial Disclosure" and presumably the Defendant is referring to Rule 26 (a)(2)(B) which relates to "Disclosure of Expert Testimony."

any opinion that may be proffered by the named experts, but only if the witnesses should be stricken because of failure to comply with Rule 26. The Court must apply the Rule as it is written, not as it could have been or should have been written. As written, Rule 26(a)(2)(B) only requires a written report to accompany the identification of an expert witness if the witness is "retained or specially employed" to provide expert testimony, or is "one whose duties as the party's employee regularly involve giving expert testimony." *Greenhaw v. City of Cedar Rapids, Iowa* 255 F.R.D. 484, 488 (N.D.Iowa,2009).

The court finds that the named witnesses should not be stricken for failure to comply with the rule because Mr. Holt and Mr. Whetstone are neither retained or specially employed to give testimony and Mr. Engle is an employee who is not regularly involved in giving expert testimony.

**B. Summary Judgment**

A grant of summary judgment is appropriate only where the record, read most favorably to the non-moving party, indicates that "no genuine issues of material fact exist ... and the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); See also *Southeast Missouri Hosp. v. C.R. Bard, Inc.* 2010 WL 3220600, 2 (C.A.8 (Mo.), 2010)

A court properly grants summary judgment when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear no genuine issue of material fact remains and the case may be decided as a matter of law. *See Fletcher v. Conoco Pipe Line Co.* 323 F.3d 661, 666 (C.A.8 (Mo.),2003). The question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law." *Id. Julin v. TCI Cablevision, Inc*. 866 F.2d 1064, 1065 (C.A.8 (Mo.),1989).

The Defendant has moved for Summary Judgment claiming that the Plaintiff has claimed he is entitled to lost wages between September 2010 and January 2011 but that the Plaintiff has refused to provide documentation to support his lost wage claim. (ECF No. 27).  In the Answer to Interrogatories filed by the Plaintiff on December 23, 2013 the Plaintiff stated that:

> Plaintiff's loss of income is based on being out to the office from Sept 19th until Jan 20th.  After January 20th Plaintiff returned to work part-time, which time would be represented by a lack of income and would have been produced by the work of the plaintiff along with the lack of ability to acquire new clients during that time.  To determine the loss Plaintiff will submit his tax returns and expert witness to testify as to the actual loss a sole practitioner would experience as a lawyer being out of the office.  Additionally the income tax returns will support the testimony and loss of income during this time."  (ECF No. 27-5, p. 9).

The Defendant points out that during the Plaintiff's deposition testimony he "was not able to point to any clients or business he lost during this time" and that his tax records "show an increase in wages from 2010 to 2011." (ECF No. 28, p. 2).

The Plaintiff "concedes that he cannot point to any specific clients or business that he lost during this time for the simple reason that he was not in his office and he doesn't know exactly what business he lost. He cannot know who called when he was not there, what cases were not referred to him because he was not available, or what business he lost because he was at home convalescing. It is in the nature of plaintiff's profession that income is not lost at the moment the plaintiff's lawyer is unable to work. The income losses only show up years later." (ECF No. 42, p. 1).

On the day that the Plaintiff filed his Brief in Support of Response to Defendant's Motion

for Summary Judgment he filed the affidavits of Ben Engle, Gary Eubanks, and Bud Whetstone (ECF No. 31-1). Mr. Engle's affidavit states that of the total fees earned in 2010, $768,876 were earned before September 20, 2010 and $83,044 were earned during the fourth quarter. In his affidavit Mr. Engle states that "Most of these fees came from other law firms in a fee-split or referral arrangement, as Gary Eubanks had to turn over his case files to other law firms while he was recuperating from his injuries in this accident. The amount of fees earned from these arrangement amounted to $43,078 of $83,044. During the first nine months in 2010, only $22,062 came from such arrangements." (Id., pp. 3-4).

Clearly the amount of lost income during the time the Plaintiff was out of the office is a disputed fact and the court cannot say, at this juncture, that the Defendant is entitled to judgment as a matter of law.

### III.  Conclusion

For the reasons stated above the court recommends that the Defendant's Motion for Summary Judgment (ECF No. 27) and the Defendant's Motion to Strike Plaintiff's Expert Designation (ECF No. 34) be **DENIED.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this April 10, 2014.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE